UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RUBIN STERNGASS, individually, RSCA
REALTY CORPORATION, and
LEATHERSTOCKING ANTIQUES, INC.,

Plaintiffs

--against --

ERIK ASHEIM, individually, and
TOWN OF CLARKSTOWN,

Defendants
------------------------------------------------------------X

JUDGE CROTTY

12 CV 6106

**COMPLAINT**
JURY TRIAL DEMANDED

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, RUBIN STERNGASS, individually, R.S.C.A REALTY CORPORATION,

LEATHERSTOCKING ANTIQUES, INC., by their attorneys, LAW OFFICES OF AMBROSE

WOTORSON, allege as follows:

I.       INTRODUCTION

1.       This is an action to vindicate the civil rights of plaintiffs. Plaintiffs contend that

they were maliciously prosecuted by ERIK ASHEIM, individually, and the TOWN OF

CLARKSTOWN, in a criminal prosecution handled by the County of Rockland District

Attorney's Office which began in 2008 and which finally ended on or about April 13, 2012 when

the proceeding terminated in plaintiffs' favor. The prosecution was for alleged violations of the

Town of Clarkstown Code, even though defendants knew or had reason to know, by virtue of

their examination of Town of Clarkstown building records and plaintiffs' reasonable

explanations, that plaintiffs had previously been prosecuted for violations of the Town of

Clarkstown Code, but had been adjudged beyond prosecution for any violations of any code

provisions which post-dated plaintiffs' building permits and certificates of occupancy.

II.      JURISDICTION

2.       This Court has jurisdiction over this action under 42 U.S.C. Section 1983. Venue

is proper, as the operative events occurred within this judicial district.

III.   PARTIES

3.     RUBIN STERNGASS, (hereinafter, "plaintiff") resides at 129 Ridge Road, Valley Cottage, NY 10989-2466. He sues on his own behalf. At all relevant times RUBIN STERNGASS was the owner of RSCA REALTY CORP. and LEATHERSTOCKING ANTIQUES, INC.  Sterngass was subjected to defendants' malicious prosecution and malicious abuse of process, along with his businesses -- RSCA REALTY CORP. and LEATHERSTOCKING ANTIQUES, INC. -- subjected to "stop-work" orders posted by defendants, causing him substantial damages.

4.     R.S.C.A REALTY CORP. was a management company and property ownership company. At all relevant times, R.S.C.A REALTY CORP.'s principal place of business was 129 Ridge Road, Valley Cottage, NY  10989-2466, it was incorporated in State of New York.  At all relevant times, it operated a commercial business at 744 NYS Route 9W, Valley Cottage, NY 10989, which is the subject property where defendants were falsely alleged to have committed code violations, and subjected to "stop-work" orders posted by defendants, causing substantial damages.

5.     LEATHERSTOCKING ANTIQUES, INC., is a management company and property ownership company. At all relevant times, LEATHERSTOCKING ANTIQUES, INC.'s principal place of business was 129 Ridge Road, Valley Cottage, NY  10989-2466, and upon information and belief, it is incorporated in State of Vermont.  At all relevant times, it operated a commercial business at 744 NYS Route 9W, Valley Cottage, NY 10989, which is the subject property where defendants were falsely alleged to have committed code violations, and subjected to "stop-work" orders posted by defendants, causing substantial damages.

6.     Defendant, ERIK ASHEIM, individually at all relevant times, was employed by the Town of Clarkstown as a Deputy Building Inspector and was the chief instigator and investigator against plaintiffs. He maliciously prosecuted plaintiffs and claimed, falsely, that plaintiffs were in violation of Town of Clarkstown Building Codes. He is herein sued in his individual capacity for violating plaintiffs' protected civil rights while acting under color of state law. His working address is I0 Maple Avenue, New City, New York.

7.     TOWN OF CLARKSTOWN is a state actor for 42 U.S.C. Section 1983 purposes. Defendant may sue and be sued, and its principle place of business is in the County of Rockland, New York. At all relevant times, the TOWN OF CLARKSTOWN employed the individual defendant listed herein. The TOWN OF CLARKSTOWN is herein sued for having violated plaintiffs' civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies when it maliciously prosecuted plaintiffs and claimed, falsely, that plaintiffs had violated the Town of Clarkstown Code, resulting in a criminal prosecution. Upon information and belief, its working address is I0 Maple Avenue , New City, New York.

IV.    <u>FACTUAL AVERMENTS</u>

8.     Defendants violated plaintiffs' civil rights in the following ways:

*Relevant Background:*

a.     Rubin Sterngass (hereinafter "plaintiff") is the owner of RSCA REALTYCORP., which was succeeded by LEATHERSTOCKING ANTIQUES, INC.

b.     RSCA REALTY CORP. was part of a series of properties in Valley Cottage, NY, which consisted of several rental communities of cottages, a hotel, a motel, and a restaurant, with such use that originated prior to 1939.

c.     In 1971, plaintiffs began renovations to the properties.

d.     Early in the renovation process, a corrupt Town of Clarkstown building inspector

told plaintiff that in order to continue with renovations, plaintiff would have to pay bribes of $150.00 per building for building permits.[1]

   e.   Plaintiff already had building permits and certificates of occupancy for the relevant properties and did not pay the corrupt Town of Clarkstown building inspector any bribes. The building renovation permits were issued on or about 1953 and were still in effect at the time of the requested bribes.

   f.   In 1972, the Town of Clarkstown, through the corrupt Town of Clarkstown building inspector, commenced an action against plaintiff individually and against his company, RSCA REALTY CORP., alleging that they were converting summerhouses to year around occupancy use in violation of local zoning ordinances (dated 1939).  Note that the Town of Clarkstown was the plaintiff therein.

   g.   Initially, a Court granted a preliminary injunction preventing plaintiffs herein from continuing the renovations, thereby delaying development of the properties by some two years.

   h.   Indeed, it was not until 1974, when the Court ruled in plaintiffs' (herein) favor, finding that plaintiffs herein already had the proper certificates and permits allowing for the renovations in question and year-round use.

   i.   Indeed, the Court found that RSCA REALTY CORP. was the owner of the property in question; that plaintiff herein, Rubin Sterngass, was the major stockholder in the corporation; that certificates of occupancy were issued to plaintiffs herein in 1954; that no limitations were imposed restricting occupancy to the summer months; that the renovations already done on the buildings were not inconsistent with the certificates of occupancy already

---

[1] In 1972, individual plaintiff, Sterngass, complained to FBI that a Town of Clarkstown Building Inspector was asking him for bribes.

issued, and did not violate the zoning ordinances; and that the work which plaintiffs herein undertook were mere repairs and were not structural, necessitating new building permits.

      j.     The Court also awarded costs to plaintiffs.

      k.     The municipality appealed, and on or about December 16, 1974, the Appellate Division, Second Department, reversed, holding that, "the removal of existing space heaters and their replacement by hot water heating system, the complete demolition of existing wooden sheds down to the concrete slab, the erection of a new cinder block shed and the enclosure of the crawl space with cinder block construction -- all of which work had been concededly performed in [plaintiffs''] buildings – constitute either alterations or structural repairs within the meaning of the Zoning Ordinance of the Town of Clarkstown, and accordingly require a building permit."

      l.     This opinion caused an additional delay in developing the property, as the court enjoined plaintiffs from "using, renting, or selling any residence situated on the subject property for purposes of human habitation until a building permit shall have been issued  for such residence for the alterations or structural repairs…"

      m.     It was not until October 27, 1976 that the New York Court of Appeals unanimously reversed the Second Department, and reinstated the Judgment of the Supreme Court, Rockland County, pursuant to the law and facts.

      n.     In 1976, the corrupt Town of Clarkstown building inspector demanded that plaintiff tear down all of the existing building structures or bribe him $150 per building for a building permit.

      o.     On or about 1981 and 1982 the FBI undertook an investigation[2] into the corrupt Building Inspector's actions.

---

[2] Investigation Doc. Number: 238CR80

p.    In 1982, plaintiff and Rose Sterngass brought an action in the SDNY against the Town of Clarkstown and the corrupt building inspector, amongst others, because of their failure to "approve or act upon certain proposed housing and sewer projects without due process of law."

q.    The assigned SDNY judge, Duffy, determined that the Sterngass plaintiffs lacked standing to bring the action and dismissed it pursuant to Federal Rules of Civil Procedure 12 (b)(1). The complaint in that action was never amended and the matter was not pursued any further.

r.    In 1983, the corrupt Town of Clarkstown Building Inspector was convicted of extortion in the EDNY.

*False Arrest, Malicious Prosecution and Malicious Abuse of Process:*

s.    On or about March 6, 2009, plaintiff Sterngass was physically arrested by Town of Clarkstown police personnel and charged with violations of five sections of the Clarkstown Town Code.

t.    Plaintiff Sterngass was prosecuted by the Rockland County District Attorney's office.

u.    The Rockland County District Attorney's office, apparently acting upon complaints from defendant Erik Asheim, a Deputy Building Inspector with purview over the Town of Clarkstown, charged plaintiff with: (1) not obtaining a tree removal permit; (2) failing to obtain a sign permit; (3) parking a commercial vehicle on the property in question; (4) failing to maintain "a detached accessory building" in a safe and sanitary condition; and (5) continuing to construct on the property after a Stop Work Order and a violation notice was posted on his property.

v.    Defendants knew, or reasonably should have known, that the 1974 Supreme Court decision specifically held that the building permits and certificates of occupancy previously

issued to plaintiffs were based upon a 1939 Ordinance, and that those permits and certificates were "...without limitation for public or gainful use as it [was] commercially zoned", and that attempts to criminally prosecuted plaintiffs in 2008 for violations of much newer ordinances would be unconstitutional deprivations of property rights and acts of inverse condemnation.

w.      Defendants knew, or reasonably should have known, that the 1974 Supreme Court decision was binding and constituted *res judicata*. Indeed, defendants examined Town of Clarkstown building records and plaintiff Sterngass reasonably informed defendants of the 1974 Supreme Court decision at his arraignment.

x.      Still plaintiffs were forced, unnecessarily, to endure the burden of a costly public criminal trial before a jury, in which they were improperly convicted on or about May 21, 2010 of "failing to obtain site plan approval in an application for a building permit, parking a tractor-trailer body in a residential zoning district, operating a retail commercial business in a residential zoning district and failing to obtain a building permit and continuing construction after issuance of a stop-work order."

y.      However, on appeal, the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts, on April 13, 2012, reversed, holding that the accusatory instruments were jurisdictionally defective, since they failed, generally, to allege any facts which established every element of the offense(s) charged and the [plaintiffs'] commission thereof.

z.      While the dismissal was based upon the accusatory instruments being defective, defendants knew or reasonably should have known that the 1974 Supreme Court decision finding in plaintiffs' favor barred, on *res judicata* grounds, any prosecution of any the alleged violations for which plaintiff Sterngass was prosecuted on May 21, 2010.

9.      Plaintiffs' rights are clearly established, and reasonable persons, including defendants are aware of these rights, or have reasons to be so aware of these rights. As well,

defendants' actions were undertaken pursuant to customs, practices and policies of the municipal defendant, as evidenced by other instances of malicious prosecution by the defendants against plaintiffs, and other businesses and individuals, and retribution against others who have been locked in litigation against the Town of Clarkstown.

10.    As a further proximate result of defendants' illegal acts towards plaintiffs, plaintiffs have suffered a substantial and permanent loss of revenue.

11.    As a further proximate result of defendants' illegal actions towards plaintiffs, plaintiffs have suffered substantial and permanent impairment and damage to their good names and reputations.

12.    As a further proximate result of defendants' illegal actions, individual plaintiff, Rubin Sterngass, has suffered mental anguish and emotional injury.

13.    Individual defendants' illegal actions were outrageous and were malicious, and were intended to injure plaintiffs, and were done with reckless indifference to plaintiffs' protected rights, entitling plaintiffs to punitive damages as against all individual defendants herein.

V.    CAUSES OF ACTION

       FIRST CAUSE OF ACTION

14.    Plaintiffs hereby repeat and reallege each allegation in each numbered paragraph above.

15.    Defendants maliciously prosecuted plaintiffs without probable cause or reasonable justification in light of a prior court decision which had *res judicata* effect. Further, defendants knew, or reasonably should have known, that plaintiffs were beyond the reach of any prosecution for any alleged violations or provisions of the Town of Clarkstown code which post-dated plaintiffs' building permits and certificates of occupancy. In any event, the criminal

proceeding terminated in plaintiffs'' favor on April 13, 2012. These violations of the 1st, 4th, 5th and 14th Amendments of the United States Constitution are herein made actionable under 42 U.S.C. Section 1983.

SECOND CAUSE OF ACTION

16.   Plaintiffs hereby repeat and reallege each allegation in each numbered paragraph above.

17.   Defendants maliciously abused process against plaintiffs to achieve a collateral objective of retribution. Indeed, plaintiff has been locked in various forms of litigation with the Town of Clarkstown since 1972, as caused by the Town of Clarkstown, and plaintiff's prosecution was brought, in part, to achieve the collateral objective of simply muzzling plaintiffs, whose various forms of litigation against the Town of Clarkstown were matters of public concern.  These violations of the 1st, 4th, 5th and 14th Amendments of the United States Constitution are herein made actionable under 42 U.S.C. Section 1983 and Privity thereto.

VI.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court grant to them judgment containing the following relief:

a.   Permanent Injunctive Relief that defendants not prosecute plaintiffs for any alleged violations or provisions of the Town of Clarkstown code which post-date plaintiffs' building permits and certificates of occupancy;

b.   Declaratory Judgment that plaintiffs are beyond the reach of any prosecution for any alleged violations of provisions of the Town of Clarkstown code which post-date plaintiffs' fee-simple estate, and Privity thereto, building permits and certificates of occupancy;

c.     An award of damages to be determined at the time of trial to compensate individual plaintiffs for mental anguish, six-month hospitalization, humiliation, embarrassment, emotional injury; and economic business destruction (which caused a Bankruptcy Court petition filing in 2010);

d.     Awards of punitive damages to be determined at the time of trial as against each individual defendant, if any;

e.     Awards of reasonable attorney fees and the costs of this action; and

f.     Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       August 9, 2012

Respectfully Submitted,
Law Offices of Ambrose Wotorson

By_____ /s/ _____
Ambrose W. Wotorson (AWW-2412)
26 Court Street, Suite 1811
Brooklyn, New York 11242
718-797-4861